HARRIET N. ATWOOD, Appellant, *vs.* THE COURT OF PROBATE OF WARWICK.

Public Statutes R. I. cap. 181, § 2, requiring bond to be given on an appeal from the decree of a Probate Court, does not apply to the case of an appeal taken by a ward from the decree of such court dismissing his application for the removal of his guardian. Such an appeal requires no bond.

APPEAL from the Probate Court of the town of Warwick. On motion to dismiss the appeal.

*Providence, November* 21, 1891. PER CURIAM. This is an appeal from the decree of the Court of Probate of Warwick dismissing the petition of the appellant for the removal of the guardian of her person and estate. The appellant gave bond as prescribed by Pub. Stat. R. I. cap. 181, § 2, which provides that "bond shall then be given to such Court of Probate, with surety satisfactory to such court, or to the clerk thereof if such court shall not then be in session, to prosecute such an appeal with effect, or in default thereof to pay all intervening costs and damages, and such costs as the Supreme Court shall tax against the appellant." The guardian moves to dismiss the appeal, and that the decree of the court below be affirmed, because the appellant by reason of the guardianship was incapacitated to give the bond, and that the bond is, therefore, void. The appellant resists the motion, and contends that, even if the bond be void, she is entitled to prosecute the

appeal, because an appeal like the present is not within the statute. She argues that the purpose of the bond is to secure to the adverse party, in this instance the guardian, the court of probate being merely a nominal party, payment of costs and damages in case of neglect to enter and prosecute the appeal with effect; that, if the appeal be sustained, no costs or damages will be recovered by the guardian, and if the appeal be not sustained, the relation of guardianship will continue, and the guardian, having the estate of the ward in his possession, can retain therefrom such damages and costs as shall be awarded; that the case is, therefore, not within the reason of the statute, and consequently the statute is not applicable. She cites in support of her position *McDonald* v. *Morton*, 1 Mass. 543. That was a case like the present, in which application had been made by one who had been put under guardianship to have the letters of guardianship revoked. The judge of probate dismissed the application, and an appeal was taken. On hearing of the appeal it was urged that the court ought not to sustain the appeal, because no bond had been given as required by the statute, Act of March 12, 1784, § 4, which provided that bonds should be given and filed in the probate office by the appellant from any decree, etc., of the judge of probate, for the prosecution thereof to effect, and for paying costs, etc. The court held that the case was not within the statute. Sedgwick, J., in his opinion says: " They, the bonds, are to satisfy the costs to which the appellant may be entitled in consequence of the final rejection of his petition by a decision against him. Now the letters of guardianship will either be repealed, and in that case the appellees entitled to no costs, and the bond, of course, wholly unnecessary; or the guardianship will be confirmed by a dismissal of the petition. . . . To this it may be added that the whole estate of the appellant is in the hands of the appellees, and they will, if their guardianship continue, be able to pay themselves."

We think the contention of the appellant is fully sustained by the authority cited, and that, for the reasons urged, the motion should be denied and dismissed. *Motion dismissed.*

*Samuel W. K. Allen,* for appellant.

*Albert R. Greene,* for appellee.